UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

| | |
|---|---|
| FREDRICK WALKER, ) | |
| ) | |
| Plaintiff, ) | |
| ) | Case No. 18-1320 |
| ) | |
| TERRI KENNEDY, et.al., ) | |
| ) | |
| Defendants ) | |

MERIT REVIEW AND CASE MANAGEMENT ORDER

This cause is before the Court for merit review of the Plaintiff's complaint. The Court is required by 28 U.S.C. §1915A to "screen" the Plaintiff's complaint, and through such process to identify and dismiss any legally insufficient claim, or the entire action if warranted. A claim is legally insufficient if it "(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. §1915A.

Plaintiff alleges four Defendants violated his constitutional rights at Pontiac Correctional Center including Warden Terri Kennedy, Lieutenant Molinero, Sergeant Baylor, Officer Nall, and Officer Lefler.

Plaintiff says Defendants Nall and Lefler used excessive force against him on January 5, 2018 when handcuffing and transporting the Plaintiff to a different area of the prison. Plaintiff alleges the Defendants intentionally applied the handcuffs and shackles in a way to cause pain, twice slammed the cell door on his arms, slammed him

1

to the floor, hit him in the back and ribs, slammed his head to the floor, and twisted his hands and wrist.

Approximately 20 minutes later, Lieutenant Molinero, Sergeant Baylor, Officer Nall, and an unknown officer came to Plaintiff's cell.  Plaintiff refers to an "altercation," but it is unclear if Plaintiff is referring to the previous incident, or if he is attempting to allege a second use of excessive force. (Comp., p. 6).  If he did intend to add another claim, Plaintiff does not state what happened, nor who was directly involved. Therefore, Plaintiff has failed to allege a second incident of excessive force.

Plaintiff does claim he asked Lieutenant Molinero and Sergeant Baler for medical attention for his injuries from the first assault by Defendants Nall and Lefler, but he received no treatment.  Plaintiff says he had difficulty breathing, his ribs hurt, and he urinated blood.

Plaintiff has attached medical records to his complaint demonstrating he saw medical staff three days later on January 8, 2018, and he reported the assault. Plaintiff had rib pain, but no bruising or deformity was noted. Nonetheless, Plaintiff was provided pain medication. (Comp, p. 11).

Plaintiff continued to return to the Health Care Unit reporting rib pain. Two different x-rays were ordered. (Comp, p. 17-18).  The first x-ray on January 11, 2018 showed a small "pleural effusion" or liquid on Plaintiff's lungs, but no fracture. (Comp., p. 17).  The second x-ray on January 25, 2018 noted a "fracture involving the 11th rib with slight displacement of the fracture fragments." (Comp., p. 18).

Plaintiff has adequately alleged Defendant Officer Nall and Lefler used excessive force against him on January 5, 2018.  In addition, Defendants Lieutenant Molinero and Sergeant Baler were deliberately indifferent to Plaintiff's serious medical condition when they denied or delayed medical care on January 5, 2018.

Plaintiff has failed to articulate an official claim against Warden Kennedy as he has not identified a specific policy which led to the alleged constitutional violation.

Plaintiff has also filed two motions for appointment of counsel. [4, 7].  Plaintiff has no constitutional right to the appointment of counsel.  In addition, the Court cannot require an attorney to accept pro bono appointment in a civil case.  The most the Court can do is ask for volunteer counsel. *See Jackson v. County of McLean,* 953 F.2d 1070, 1071 (7th Cir. 1992).

In considering Plaintiff's motion, the Court must ask two questions: "(1) has the indigent plaintiff made a reasonable attempt to obtain counsel or been effectively precluded from doing so; and if so, (2) given the difficulty of the case, does the plaintiff appear competent to litigate it himself?" *Pruitt v. Mote*, 503 F.3d 647, 654 (7th Cir. 2007), *citing Farmer v. Haas*, 990 F.2d 319, 322 (7th Cir. 1993).  In this case, Plaintiff has demonstrated at least some attempt to find counsel on his own.

Nonetheless, Plaintiff's complaint clearly sets for the basis for his claims. Plaintiff's claim of excessive force is not complex.  To the extend Plaintiff suffered an injury, he already has medical records demonstrating he was injured and he will be able to obtain additional records and evidence during discovery.  Plaintiff should also be able to testify personally to the pain he experienced, his attempts to obtain help, and the

3

responses he received, which can be used to show evidence of deliberate indifference. *See Ledford v. Sullivan*, 105 F.3d 354, 358 (7th Cir. 1997)(expert testimony not necessarily required to establish deliberate indifference).

Plaintiff also has some litigation experience. *See Walker v. Price*, Case No. 14-1343; *Walker v Loverant*, Case No. 15-1201. In fact, Plaintiff points to a Seventh Circuit Court of Appeals decision reversing a district court decision denying him counsel. (Comp., Ex. 1). In that case, the Seventh Circuit found the district court was within its discretion when it denied Plaintiff's first five motions for appointment of counsel. However, the Appellate Court reversed based on the sixth motion for appointment of counsel when Plaintiff's case was set for a video jury trial. (Comp., Ex. 1).

Finally, the Court will enter a scheduling order in this case after Defendants file their answer and this order provides information to assist a pro se litigant, and requires the exchange of initial, relevant discovery. Therefore, Plaintiff's motions are denied at this stage of the litigation. [4, 7].

IT IS THEREFORE ORDERED:

1) Pursuant to its merit review of the complaint under 28 U.S.C. § 1915A, the Court finds the Plaintiff alleges: a) Defendant Officer Nall and Lefler used excessive force against him on January 5, 2018; and b) Defendants Lieutenant Molinero and Sergeant Baler were deliberately indifferent to Plaintiff's serious medical condition when they denied or delayed medical care on January 5, 2018.

The claims are stated against the Defendants in their individual capacities only. Any additional claims shall not be included in the case, except at the Court's discretion on motion by a party for good cause shown or pursuant to Federal Rule of Civil Procedure 15.

2) This case is now in the process of service. Plaintiff is advised to wait until counsel has appeared for Defendants before filing any motions, in order to give Defendants notice and an opportunity to respond to those motions. Motions filed before Defendants' counsel has filed an appearance will generally be denied as premature. Plaintiff need not submit any evidence to the Court at this time, unless otherwise directed by the Court.

3) The Court will attempt service on Defendants by mailing each Defendant a waiver of service. Defendants have 60 days from service to file an Answer. If Defendants have not filed Answers or appeared through counsel within 90 days of the entry of this order, Plaintiff may file a motion requesting the status of service. After Defendants have been served, the Court will enter an order setting discovery and dispositive motion deadlines.

4) With respect to a Defendant who no longer works at the address provided by Plaintiff, the entity for whom that Defendant worked while at that address shall provide to the Clerk said Defendant's current work address, or, if not known, said Defendant's forwarding address. This information shall be used only for effectuating service. Documentation of forwarding addresses shall be retained

only by the Clerk and shall not be maintained in the public docket nor disclosed by the Clerk.

5) Defendants shall file an answer within 60 days of the date the waiver is sent by the Clerk. A motion to dismiss is not an answer. The answer should include all defenses appropriate under the Federal Rules. The answer and subsequent pleadings shall be to the issues and claims stated in this Order. In general, an answer sets forth Defendants' positions. The Court does not rule on the merits of those positions unless and until a motion is filed by Defendants. Therefore, no response to the answer is necessary or will be considered.

6) Once counsel has appeared for a Defendant, Plaintiff need not send copies of his filings to that Defendant or to that Defendant's counsel. Instead, the Clerk will file Plaintiff's document electronically and send a notice of electronic filing to defense counsel. The notice of electronic filing shall constitute service on Defendants pursuant to Local Rule 5.3. If electronic service on Defendants is not available, Plaintiff will be notified and instructed accordingly.

7) Counsel for Defendants is hereby granted leave to depose Plaintiff at his place of confinement. Counsel for Defendants shall arrange the time for the deposition.

8) Plaintiff shall immediately notify the Court, in writing, of any change in his mailing address and telephone number. Plaintiff's failure to notify the Court of a change in mailing address or phone number will result in dismissal of this lawsuit, with prejudice.

9) Within 10 days of receiving from Defendants' counsel an authorization to release medical records, Plaintiff is directed to sign and return the authorization to Defendants' Counsel.

**IT IS FURTHER ORDERED THAT THE CLERK IS DIRECTED TO:**

**1) Dismiss Defendant Kennedy for failure to state a claim upon which relief can be granted pursuant to by 28 U.S.C. §1915A; 2) Deny Plaintiff's motions for appointment of counsel, [4] and [7]; 3) Deny Plaintiff's motion for a status update, [8]; 4) Attempt service on Defendants pursuant to the standard procedures; 5) set an internal court deadline 60 days from the entry of this order for the court to check on the status of service and enter scheduling deadlines; and 6) enter the Court's standard qualified protective order pursuant to the Health Insurance Portability and Accountability Act.**

ENTERED this 7th day of December, 2018.

s/ James E. Shadid

_____
JAMES E. SHADID
UNITED STATES DISTRICT JUDGE